EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Damián Díaz Albarrán<br><br>Peticionario<br><br>v.<br><br>Autoridad de Acueductos y Alcantarillados<br><br>Recurrida | Certiorari<br><br>2025 TSPR 115<br><br>216 DPR ___ |

Número del Caso: CC-2025-0024

Fecha: 5 de noviembre de 2025

Tribunal de Apelaciones:

Panel V

Representante legal de la parte peticionaria:

Lcda. Elaine Guzmán Cortés

Representante legal de la parte recurrida:

Lcdo. Obed Morales Colón

Materia: Resolución del Tribunal con Voto particular disidente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Damián Díaz Albarrán

    Peticionario

        v.                    CC-2025-24      Certiorari

Autoridad de Acueductos y
Alcantarillados

    Recurrida

RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de noviembre de 2025.

Se le ordena al Sr. Damián Díaz Albarrán que, en un término final e improrrogable de cinco (5) días, contado a partir de la notificación de esta Resolución, nos informe el resultado de la vista administrativa que la Autoridad de Acueductos y Alcantarillados señaló para el 22 de mayo de 2025, so pena de la desestimación con perjuicio del auto de *Certiorari*.

Adelántese la notificación de esta Resolución por teléfono al Sr. Damián Díaz Albarrán y a los abogados de récord.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emite un Voto particular disidente al cual se unen la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Damián Díaz Albarrán<br><br>Peticionario<br><br>v.<br><br>Autoridad de Acueductos y Alcantarillados<br><br>Recurrida | CC-2025-0024 |

Voto particular disidente emitido por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 5 de noviembre de 2025.

El Sr. Damián Díaz Albarrán (señor Díaz Albarrán o peticionario), una persona de cincuenta y cinco (55) años con una condición de discapacidad y recursos limitados que reside junto a su tía, doña Nilda Albarrán, de ochenta y cinco (85) años, depende, al igual que todas las personas, de la estabilidad y continuidad de los servicios esenciales del hogar. En este contexto, el señor Díaz Albarrán recibió dos facturas ascendentes a $3,374.92 por parte de la Autoridad de Acueductos y Alcantarillados (AAA), por tan solo dos meses de consumo en su residencia. Al igual que muchos ciudadanos y ciudadanas, el peticionario se adentró en el laberinto procesal de impugnarlas, chocando con múltiples barreras. Recientemente, tocó a las puertas de este Tribunal, quizás siendo su última esperanza para que

se evalúe la cantidad real de consumo del servicio. No pretendo que se le brinde un trato preferencial al señor Díaz Albarrán, sino un trato justo, balanceado y en igualdad de condiciones. Lamentablemente, a mi juicio, ello no ha ocurrido. Veamos.

I

En este caso, el 16 de enero de 2025, el señor Díaz Albarrán presentó una solicitud de *Certiorari*. El 28 de marzo de 2025, este Tribunal ordenó la expedición de este recurso. Según adelantado, su caso se relaciona con el procedimiento de impugnación de una factura emitida por la AAA y con una notificación que, aparentemente, la agencia realizó de manera defectuosa.

Mientras tanto, el 15 de mayo de 2025, la AAA presentó una *Moción de desestimación* en la que nos informó, entre otras cosas, que su Oficina de Vistas Administrativas había señalado una audiencia administrativa para el 22 de mayo de 2025, a la 1:30 p.m. Por ello, adujo que la eventual celebración de esa vista convertiría el recurso de *certiorari* promovido por el peticionario en académico.

En ese contexto, y ante la falta de más información sobre tal vista, el 17 de octubre de 2025 emitimos una *Resolución* en la que les ordenamos **a ambas partes** que, en un término de diez (10) días, nos informaran el resultado de la audiencia administrativa. Sin embargo, a la fecha de

hoy, y vencido el término, las partes no cumplieron con lo ordenado.

Ahora, este Tribunal emite una *Resolución* en la que **le ordena únicamente al peticionario** que, en un término de cinco (5) días, nos informe sobre el resultado de la vista administrativa señalada por la AAA, so pena de la drástica medida de desestimar con perjuicio su recurso de *certiorari*.

En lo pertinente a la controversia de autos, y según obra en los documentos de este caso, nos encontramos ante una notificación realizada por la AAA que, como mínimo, aparenta ser defectuosa toda vez que la agencia la catalogó como **"final e inapelable" y no le advirtió correctamente al peticionario sobre los términos de revisión judicial disponibles.**[1] Ello en abierta contradicción y sin cumplir con las exigencias más básicas del debido proceso de ley en los procedimientos administrativos. Véanse los derechos de reconsideración y revisión judicial del Art. 3 de la Ley Núm. 33 de 27 de junio de 1985, según enmendada, *Ley para establecer requisitos procesales mínimos para la suspensión de servicios públicos esenciales* (Ley Núm. 33-1985), 27 LPRA sec. 262b; Sección 3.14 de la Ley Núm. 38-2017, conocida como la *Ley de procedimiento administrativo*

---

[1] Adviértase que la AAA le apercibió que, de no recibir el pago de las facturas, el servicio de agua podría ser interrumpido en cualquier momento.

*uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9654; Sección 4.2 de la LPAU, 3 LPRA sec. 9672.

Ante este cuadro, me parece desacertado imponerle **únicamente al peticionario** la carga de informarnos si la vista que convocó la AAA para el 22 de mayo de 2025 efectivamente se celebró y, de haber ocurrido, cuál fue su resultado. En todo caso, procedía seguir el mismo curso de acción que este Tribunal llevó a cabo, mediante *Resolución*, el 17 de octubre de 2025, a saber, ordenarles **a ambas partes** que nos informen si se celebró la vista y cuál fue su respectivo resultado.

Más todavía, me parece inadecuado advertirle al peticionario que el incumplimiento con la orden conllevaría la desestimación con perjuicio del auto de *certiorari*. Sobre este particular, en el supuesto escenario de no recibir respuesta de ambas partes o de alguna de ellas, lo procedente sería continuar con el trámite ordinario que sigue a la expedición de un recurso de *certiorari* ante este Tribunal, máxime cuando no contamos con hechos que permitan concluir que la controversia se tornó académica. Cabe recordar que, el 15 de mayo de 2025, quien sostuvo ante este Tribunal, en su *Moción de desestimación*, que la controversia se había tornado académica fue la propia AAA, bajo el fundamento de que citó la vista administrativa para el 22 de mayo de 2025. En todo caso, corresponde a la agencia, **en primer orden**, notificarnos sobre lo sucedido

en esa vista, si algo, a fin de sustentar su argumento respecto a la academicidad del caso. Es decir, es a la AAA a quien le compete demostrar y fundamentar su solicitud de desestimación.

En vista de lo anterior, opino que la consecuencia jurídica de la incomparecencia y el incumplimiento con nuestra orden no debería ser la desestimación con perjuicio propuesta. Imponer esa sanción tan drástica equivaldría, de manera indirecta, a validar una notificación que, a todas luces, resulta inoficiosa, toda vez que la propia AAA la calificó como **"final e inapelable" y no realizó advertencia alguna sobre los términos disponibles para solicitar revisión judicial**. Véanse: Art. 3 la Ley Núm. 33-1985, 27 LPRA sec. 262b; Sección 3.14 de la LPAU, 3 LPRA sec. 9654; Sección 4.2 de la LPAU, 3 LPRA sec. 9672. Asimismo, adoptar la desestimación como consecuencia de la posible incomparecencia del señor Díaz Albarrán respecto a nuestra orden de informar sobre la vista, cuando este ya compareció oportunamente ante este Tribunal —pues, de no haberlo hecho, no hubiésemos expedido el recurso— y presentó los documentos correspondientes a su solicitud de *certiorari*, constituiría una carga desproporcionada e injustificada sobre el mismo.

Por tanto, sostener la desestimación no solo afectaría el derecho del señor Díaz Albarrán a la revisión judicial, sino que también enviaría un mensaje equivocado sobre la

validez de las notificaciones administrativas que no cumplen con los requisitos esenciales para ser consideradas eficaces. En consecuencia, lo procedente sería -en todo caso- requerir la información **a ambas partes** sobre la celebración de la vista, sin apercibir ni imponer sanciones desproporcionadas y contrarias a los principios del debido proceso de ley y la revisión judicial. En caso de que la AAA no fundamente su solicitud de desestimación, sencillamente debemos proseguir con el trámite ordinario del recurso.

Por estas razones, respetuosamente **disiento** del curso de acción adoptado por la mayoría de este Tribunal.

Luis F. Estrella Martínez
Juez Asociado